**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>William J Wisniewski,<br><br>Defendant. | No. CV-21-01028-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Plaintiff United States' Motion for Default Judgment (Doc. 14) against Defendant William Wisniewski. Defendant has not responded to the Motion, nor has he appeared or otherwise defended this action. For the following reasons, the Court grants Plaintiff's Motion.

**I.    Background**

Plaintiff brings this tax collection action against Defendant, who is alleged to have "a lengthy history of non-compliance with his federal income tax responsibilities." (Doc. 1 at ¶ 4). The Internal Revenue Service ("IRS") has been in discussions with Defendant about his tax liabilities dating back to 2007. (*Id.* at ¶¶ 24–27). Despite these talks, no agreement was ever reached between the IRS and Defendant about the liabilities. (*Id.* at ¶ 34).

Defendant filed for bankruptcy in October 2017, and the Bankruptcy Court closed the bankruptcy in July 2018. (*Id.* at ¶ 53). Plaintiff alleges that these bankruptcy proceedings did not discharge Defendant of outstanding tax liabilities because "he willfully

attempted to evade or defeat his tax obligations in one or more ways . . . ." (*Id.* at ¶ 65) (citing 11 U.S.C. § 523(a)(1)(C)). Plaintiff alleges that Defendant failed to report income and his interest in a Phoenix-area home. (*Id.*) Plaintiff alleges Defendant still owes $169,810 "calculated through April 19, 2021, plus such additional interest or other statutory additions as may continue to accrue, net any payments or credits." (*Id.* at ¶ 67).

Plaintiff commenced this action at the direction of the Attorney General of the United States under 26 U.S.C. § 7401. (Doc. 1). Three months after Plaintiff filed its Complaint, it notified the Court that counsel had been in discussions with Defendant to request that he waive service. (Doc. 6). During those discussions, counsel for Plaintiff alerted Defendant that it would seek default if he failed to appear. (*Id.*) Soon thereafter, Plaintiff applied for entry of default, which the Clerk entered. (Doc. 9). Plaintiff now seeks entry of default judgment.

**II.     Legal Standard**

Courts strongly prefer to decide cases on their merits, but they may use their discretion to enter default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986); *see also* Fed. R. Civ. P. 55. If default judgment is sought against a party that failed to plead or otherwise defend, courts must determine they have subject matter jurisdiction over the matter and personal jurisdiction over the party. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). If there is jurisdiction, courts must then consider several factors to determine whether default judgment is appropriate: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471–72. Upon default, a complaint's factual allegations are taken as true, except for those relating to damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

/ / /

### III. Jurisdiction and *Eitel* Analysis

Because the Complaint involves the collection of federal taxes under 26 U.S.C. § 7401, the Court has original jurisdiction. *See* 28 U.S.C. § 1340 ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . ."). Defendant, alleged to be an Arizona resident (Doc. 1 at ¶ 3), is at home in this jurisdiction and, therefore, subject to the Court's personal jurisdiction. *See Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 317 (1945). Having found subject matter jurisdiction and personal jurisdiction over Defendant, the Court proceeds to the *Eitel* factors.

#### a. Possibility of Prejudice to Plaintiff

Without a judgment against Defendants, Plaintiff's would lack a remedy to collect on Defendant's tax liabilities. Therefore, this factor favors entry of default judgment.

#### b. Merits of Substantive Claim and Sufficiency of Complaint

"Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010). By statute, bankruptcy does not discharge a debtor from a tax that he has "willfully attempted in any manner to evade or defeat . . . ." 11 U.S.C. § 523. As alleged, Plaintiff willfully attempted to evade his tax obligations by failing to "file timely returns or pay the amounts due in full, year after year, despite earning substantial income at various points" and by misrepresenting his interest in a Phoenix-area home. (Doc. 1 at ¶ 65). The Court finds that the Complaint sufficiently notified Defendant of the claims at issue. This factor favors entry of default judgment.

#### c. Sum at Stake

Here, the Court considers the amount of money at stake in relation to the seriousness of a defendant's conduct. *See Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Gemmel v. Systemhouse, Inc.*, 2008 WL 65604, at *4 (D. Ariz. Jan. 3, 2008). Here, Plaintiff has established Defendant's tax liability

of over $169,810. This amount is proportional to the seriousness of tax evasion. Therefore, this factor favors entering default judgment.

### d. Possibility of Dispute

The time has passed for Defendants to dispute the Complaint's allegations. At this stage, the allegations are taken as true. *See Geddes*, 559 F.2d at 560. Therefore, the possibility of dispute is low. This factor favors entering default judgment.

### e. Excusable Neglect

Plaintiff has produced a signed waiver of service from Defendant. (Doc. 8-2 at 2). Plaintiff also has represented to be in contact with Defendant, and yet Defendant has not appeared. (Doc. 14 at 20). Therefore, there is a low possibility that their failure to appear is due to excusable neglect. This factor favors entering default judgment.

### f. Policy Favoring Decisions on the Merits

The Court is unable to reach the merits of this case because Defendant has failed to plead or otherwise defend this action. Therefore, this factor weighs against granting default judgment.

Overall, the Court finds the *Eitel* factors support an entry of default judgment against Defendant.

## IV. Requested Relief

Having found default judgment proper, the Court must determine what relief Plaintiff is entitled to. Damages may not differ in kind or exceed what was demanded in the pleadings. Fed. R. Civ. P. 54(c). This is so a defendant may know from the complaint what the potential award may be, and the defendant may then decide whether a response is worthwhile. *See Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007). If requesting damages, a plaintiff must submit evidence to "prove-up" its request. *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011).

Plaintiff seeks judgment (1) in the form of a judgment finding Defendant's tax liabilities for tax years 2007, 2008, 2011, and 2012 were not discharged by the 2017 bankruptcy proceeding (2) entering judgment in Plaintiff's favor for these unpaid liabilities

in the amount of $172,879.91, "as calculated through November 23, 2021, plus interest and other statutory additions that may continue to accrue, net further payments and credits . . . ." and (3) awarding Plaintiff its costs in pursuing this matter. (Doc. 21). This requested judgment does not differ from what was originally requested in the Complaint.

First, given that the Court must now accept the Complaints allegations as true, the Court finds that the 2017 bankruptcy did not discharge his tax liabilities for 2007, 2008, 2011, and 2012. *See Geddes*, 559 F.2d at 560.

Second, Plaintiff attaches IRS records showing Defendant's liabilities for the years in question. (Docs. 14-2; 14-3; 14-4; 14-5). Plaintiff also attaches the declaration of Sharan Webb, an IRS bankruptcy specialist, who represents that the requested judgment for amount of liabilities, as of November 23, 2021, is accurate. (Doc. 14-9). The Court finds Plaintiff sufficiently proves it is entitled to the amount it requests and will enter judgment for these liabilities.

Finally, because Plaintiff is the prevailing party, it is entitled to its costs. Fed. R. Civ. P. 54(d)(1). They shall be included in the Judgment.

**V.   Conclusion**

The Court will grant Plaintiff's Motion for Default Judgment.

Accordingly,

**IT IS HEREBY DECLARED** that Defendant William Wisniewski's federal income tax liabilities for tax years 2007, 2008, 2011, and 2012 were not discharged in his 2017 bankruptcy proceeding.

**IT IS FURTHER ORDERED** that default judgment shall be entered in favor of Plaintiff the United States and against Defendant William J. Wisniewski, for his unpaid federal income tax liabilities for the 2007, 2008, 2011, and 2012 tax years, in the amount of $172,879.91, as calculated through November 23, 2021, plus interest and other statutory additions that may continue to accrue, net further payments and credits, subject to proof.

**IT IS FURTHER ORDERED** that Plaintiff the United States shall be entitled to its costs in this matter.

**IT IS FINALLY ORDERED** that the Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 15th day of June, 2022.

_____
Honorable Diane J. Humetewa
United States District Judge